IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| RAYMOND SCOTT MUSSMANN, #325072, | ) | |
| Petitioner, | ) | |
| v. | ) | CASE NO. 3:26-cv-188-BL |
| WARDEN PETERS, | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION AND ORDER**

Raymond Scott Mussmann, a state inmate proceeding *pro se*, filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 challenging his convictions for reckless murder, leaving the scene of an accident, driving under the influence, improper lane usage, driving with a suspended license, and failure to wear a seatbelt and his subsequent 60-year sentence entered by the District Court of Randolph County, Alabama. (Doc. 1). Mussmann claims that his convictions were related to causing a car accident, which he "didn't mean to cause" and is "not sure [he] did cause." (*Id*. at 5). He further claims that he "wasn't drinking before the accident," but simply "left the scene and … drank afterwards." (*Id*. at 7). As relief, he seeks a reduction of his sentence and the "murder charge off [his] record." (*Id*. at 15).

Thereafter, the Respondent filed a response (doc. 12), which contends that Mussmann's claims are procedurally defaulted and time-barred by the applicable

one-year statute of limitations. The court then gave Mussmann an opportunity to file a reply (*see* doc. 13), and Mussmann did so (*see* doc. 15). Upon review of the parties' filings, and for the reasons explained below, Mussmann's § 2254 Petition will be **DISMISSED** with prejudice as time-barred[1], and Mussmann will be **DENIED** a certificate of appealability.

## I. PROCEDURAL BACKGROUND

Following an automobile accident resulting in a death, Mussmann was charged with reckless murder, leaving the scene of an accident, driving under the influence, improper lane usage, driving with a suspended license, and failure to wear a seatbelt. (Doc. 12-2 at 1). A jury found Mussmann guilty of all charges. (*Id.*). He was sentenced to fifty years' imprisonment for murder; ten years' imprisonment for leaving the scene of an accident; twelve months in jail for driving under the influence; ten days in jail for improper lane usage; 180 days in jail for driving with a suspended license; and a $50 fine for failure to wear a seatbelt. (*Id.* at 1–2). The sentences for his motor-vehicle convictions were ordered to run concurrently with one another and consecutively with the murder conviction. (*Id.* at 2). Mussmann appealed.

[1] Although Respondent also argues that Mussmann's claims are procedurally defaulted, because the statute of limitations is dispositive of the Petition, the court need not address any additional deficiencies.

On appeal, Mussmann argued "1) that the circuit court erred in admitting the hospital blood-alcohol test result; 2) that the circuit court erred in denying his motion to suppress statements made to Trooper Jubenville at the hospital; and 3) that the evidence was insufficient to sustain his conviction for failure to wear a safety belt." (*Id.* at 3). The Alabama Court of Criminal Appeals ("ACCA") issued a Memorandum Decision affirming Mussmann's convictions on December 10, 2021. (*Id.* at 1, 9). Mussmann then filed an Application for Rehearing, which was overruled on February 9, 2022. (Doc. 12-1 at 2). Mussmann then sought certiorari review with the Alabama Supreme Court, which the Alabama Supreme Court denied. (*Id.*). A certificate of judgment was issued on May 2, 2022, at which time Mussmann's convictions became final. (*Id.*; Doc. 12-7 at 1; Doc. 12-10 at 6).

On January 16, 2024, Mussmann filed a postconviction petition pursuant to Rule 32 of the Alabama Rules of Criminal Procedure. (Doc. 12-7 at 2; Doc. 12-10 at 7). The petition was neither signed nor in proper form, so the trial court declined to consider it. (*Id.*). Mussmann then refiled in September of 2024, and the trial court summarily dismissed the petition on December 30, 2024. (Doc. 12-7 at 2; Doc. 12-10 at 7–8). Subsequently, on January 13, 2025, Mussmann filed a "memorandum brief" raising an additional claim. (Doc. 12-7 at 2; Doc. 12-10 at 8). On February 4, 2025, the trial court entered an order purporting to once again summarily dismiss

the Rule 32 petition. (*Id.*). Mussmann appealed on March 10, 2025 (*id.*), and the ACCA dismissed the appeal as untimely on October 30, 2025 (doc. 12-7 at 3).

Finally, on March 16, 2026, Mussmann filed the instant § 2254 Petition seeking a reduction of his sentence and expungement of his murder charge. (*See* Doc. 1 at 1 & 15). The Petition is now ripe for consideration.

## II. DISCUSSION

### a. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") contains the following time limitations for federal habeas petitions:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

As noted above, the judgment of conviction Mussmann challenges in this action became final on May 2, 2022. (Doc. 12-1 at 2; Doc. 12-7 at 1; Doc. 12-10 at 6). Thus, absent a tolling event, Mussmann had until May 2, 2023—one year later—to file a timely § 2254 petition as to that judgment. *See* 28 U.S.C. § 2244(d)(1)(A). However, Mussmann did not file the instant § 2254 Petition until March 16, 2026, nearly three years later. (*See* Doc. 1 at 1, 15.)

The limitations period may be "statutorily tolled for '[t]he time during which a properly filed application for State post-conviction or other collateral review … is pending.'" *Mashburn v. Comm'r, Ala. Dep't of Corr.*, 713 F. App'x 832, 836 (11th Cir. 2017) (quoting 28 U.S.C. § 2244(d)(2)). The Eleventh Circuit has explained:

> A state application is "properly filed" when "'its delivery and acceptance are in compliance with the applicable laws and rules governing filings,'" which typically include "'the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee.'" *Sweet v. Sec'y, Dept. of Corr.*, 467 F.3d 1311, 1315 (11th Cir. 2006) (quoting *Artuz v. Bennett*, 531 U.S. 4 [ ] (2000)). An application that is untimely under state law is not "properly filed" for purposes of tolling AEDPA's limitations period. *Id.* at 1316.

*Gorby v. McNeil*, 530 F.3d 1363, 1366 (11th Cir. 2008). Although Mussmann did in fact file a postconviction Rule 32 petition, he did not do so until after the

AEDPA's limitation period had already expired. Indeed, Mussmann filed his first Rule 32 Petition on January 16, 2024, more than eight months after the limitation period had passed. (*See* Doc. 12-7 at 2; Doc. 12-10 at 7). Thus, the one-year limitation period was not statutorily tolled by any post-conviction motion or other collateral review. *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition … that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").

The AEDPA's limitation period may also be equitably tolled on grounds other than those in the habeas statute when a petitioner submits an untimely filing "because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (citations omitted). However, "equitable tolling is an extraordinary remedy … limited to rare and exceptional circumstances and typically applied sparingly." *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009) (internal quotations and citation omitted). "The petitioner has the burden of establishing his entitlement to equitable tolling; his supporting allegations must be specific and not conclusory." *Cole v. Warden, Georgia State Prison*, 768 F.3d 1150, 1158 (11th Cir. 2014) (citation omitted). Despite the opportunity to do so in both his Petition and reply, Mussmann has failed to provide any evidence or make any argument that he is entitled to equitable tolling.

Accordingly, for the foregoing reasons, the court concludes that Mussmann's § 2254 Petition is due to be dismissed with prejudice as time-barred and that an evidentiary hearing is not warranted. *See* Rule 8, *Rules Governing Section 2254 Cases in the United States District Courts*; *see also Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) ("[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing.").

**b. Certificate of Appealability**

A habeas petitioner may not appeal the denial of relief under § 2254 "unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). Rule 11 of the *Rules Governing Section 2254 Cases* provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (quotation marks omitted). When the district court

denies a habeas petition on procedural grounds without reaching the underlying constitutional claim, "a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (quotation marks omitted) (emphasis added).

Because the court concludes that the procedural ruling herein is not reasonably debatable, Mussmann will be denied a certificate of appealability.

## III. CONCLUSION

Accordingly, based on the foregoing, it is **ORDERED** that Mussmann's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 (doc. 1) is **DISMISSED** with prejudice as time-barred and that Mussmann is **DENIED** a certificate of appealability.

Final Judgment will be entered separately.

**DONE** and **ORDERED** on this the 17th day of November, 2026.

**BILL LEWIS**
UNITED STATES DISTRICT JUDGE